**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID G. DONOVAN, Hanford Security Police Officer; CODY ALMQUIST; KORA BALES; DOUGLAS ANDERSON; JESS BEAN; JEFF AHLERS; CYRUS ANDERSON; DANIEL BEAM; TAIN BALLANTYNE; CHRISTOPHER J. HALL, Hanford Security Police Officer; JARED BETKER; DAYNNA COFFEY ARDAMICA; THOMAS R. ARDAMICA, Safety Bases Compliance Officer; KEVIN ARENA; STEPHEN C. PERSONS, United States Department of Energy employee; MIGUEL ARREDONDO; DON BAKER; WILLIAM BINGHAM; LUIS BLANCO; ERIK BOMBARD; JAMES BOOTH; STEPHANIE BOSCHERT; BRYAN BROPHY; LUKE BULTENA; I. C.; GEORGE CASE; RENE CATLOW; BENJAMIN CHAVEZ; NICK CHACON; MARY CATHERINE CHRISTIANSON; JUSTIN CLANCY; TODD JACOB CLARK; MARGARET CLARK; BECKY | No. 22-35474<br><br>D.C. No.<br>4:21-cv-05148-TOR<br><br>OPINION |

COLBORN; DAVID COLE; MARY COLE; DODD COUTTS; JAMES CUEVAS; DAWNLEIGH CURTIS; KELLY CUSTER; D. N.; JEFFREY DANIELS; JAMIE DAVIES; SCOTT DAWSON; BRIANA DELINE; DARRYN DELINE; DREW DIEDRICH; JOHN DOELL; JAKE DOMIT; STEVE DONALDSON; KATHRYN DRAPER; MIKE EDDY; ALEXANDRIA EDWARDS; MARY RUTH EDWARDS; LUKE ELLIS; JESSE ELVIK; ZACHERY ESLICK; ERIC ESPINOZA; CHERYL EVOSEVICH; ADAM FARIES; MARCUS FARIES; ROBYN FARIS; THOMAS FARRIS; JENNIFER FISH; RANDY FOX; MICHAEL FRAZIER; SHARON FREELAND; DOROTHY FRENZEL; PAUL FRENZEL; DANIEL GABBARD; JENNIFER GARDNER, AKA Jennifer Gardiner; JAMES GAGNON; EFREN GARCIA; ERIC GARCIA; JAIME GARCIA; JOHN GARFIELD; MATTHEW GARLICK; CHRIS GEORGE; BEN GIESE; DON GIESE; BRANDON GIMLIN; CRYSTAL GIRARDOT; LEVI GLATT; HEATHER GOLDIE; MICHAEL GOMEZ; ENRIQUE GONZALES; CHRISTOPHER GOODSEL; MICHELLE GRADIN;

DELMER GRAHAM; MATTHEW GRAY; JERRY GRIDLEY; JOSE GUTIERREZ; JOSEPH HADE; LEVI HAMBY; ERIC HANSON, AKA Eric Hansen; CAMERON HARDY; DOUGLAS HART; MARGUERITE HART; NICOLE HART; TIM HART; VICTOR HART; CHAMISE HARTMAN; PAMELA HARTSOCK; JOSHUA K. HATCH; RON HAVENS; KORY HEBDON; LARRY HERBERT; KATIE HENDERSONPL; JOSHUA HEDRICK, AKA Joshua Herrick; LEE HOLMES; JOY HOUCHIN; MARVIN HUCK; ADAM HUCKLEBERRY; ROBIN HUDSON; JAMES IRELAND; DANIEL IRISH; J. I.; ERIC ISON; RODGER IVERSON; MIGUEL IZTAS; BRYCE JACKSON; JOEL JACKSON; RAYMOND JEFFERS; GARDINER JEFFREY; JOHNATHAN JOHNS; KAMI JOHNS; TIMOTHY JOHNS; BONNIE JOHNSON; CHRISTOPHER JOHNSON; JAMES JONES; FAITH KAANAPU; MARK KAMBERG; FRANK KEARNY; BRIAN KEELEAN; KEITH KELLER; MAHLON KERWICK; RONALD KNIGHT; MARK KNIGHT; KARL KOHNE; KERRY

KOST; PATRICK KRZAN; DUSTIN LAMM; RYAN LANSING; GIL LEAL; SHARON LEINEN; BRIANNA LEITZ; JUSTIN LETTAU; CARL LINDSTROM; BRADLEY LOOSVELDT; COREY LOW; OSCAR LUCATERO; PHILLIP LOVE; GALE LYON; ISMAEL MAGALLANES; MATTHEW MALIN; JAIRO MARTIN; DAVID MARTINEZ; BYRON MASSIE; JAMES MATTE; TRENT MAXWELL; SAM MCCARLEY; JOE MEIER; NORMA MENDOZA; CORY MEYER; KYLE MEYER; KEVIN MILFORD; DARREN MILLER; BENJAMIN MINTER; JEREMY MIRANDA; DERIK MOE; TRENT MOONEY; RYAN MOORE, Attorney; JOELLE MOSS; RYLEIGH MORRISON; DANIEL MORROW; ALLEN MORRIS; JENNIFER MULLEN-MORRIS; PATRICK MURPHY; PAUL NAEF; CELESTE NELSON; JOHNNY NEER; TOBIN NEYENS; MARCO NICACIO; MATT NICHOL; JEFFERY NIELSON; IVAN NUNEZ; JUAN NUNEZ; KELLY O'BRIEN; ANGEL OJEDA; LUIS OJEDA; WILLIAM OLSON; MARK OSLIN; WILLIAM OWEN; PATRICK PAESCHKE; STUART

PALMER; NICHOLAS PARKER, Trial Attorney; JEFFERY DAVID PARRISH; KEVIN PATTERSON; BRANDON PATTON; ZACHARY PIKE; BRIAN PISCA; JESSE POTTER; KELLY POYNOR; BRYAN RAEDER; AGAPITO RAMOS; KEVIN REBERGER; HOWARD REED; MATTHEW REED; ROBERT REYNOLDS; RYAN RICHARDSON; RYDER RICHARDSON; GREG RICHTER; RYAN RICKENBACH; RAMON RIOJAS; MARTIN RIOS MAGANA; MICHAEL RIPLINGER; ERNESTO RIVAS; JUNE ROBINSON; STACI ROCKEY; GREGORY RODENBURG; MANUEL . RODRIGUEZ; JAIME RODRIGUEZ; LORI ROGERS; RYAN ROSENTHAL; LEISHA ROWE; MISCHELLE RUSSELL; JAMISON SADDLER; KYLE SALTZ; WILLIAM SAMSON; OSCAR SANCHEZ; MATTHEW SANDERS; JOEL SAVAGE; RICK SCHIEFFER; JACOB SCHMID; JESSICA SCHUETTE; JOHN SCHUETTE; DEVIN SHELBY; JEFF SHORT; STEVE SHORT; THOMAS SICHLER; GIDGET SILVERS; STEPHEN H. SIMMONS; ANDREA SIMS; DANIEL SIMS; EDWARD

SINCLAIR; JOHN SISEMORE; CATHY SLAPE; GABE SLAPE; DEREK SMALL; GREGORY SMITH; SHAD SMITH; STEPHEN SMITH; WILLIAM SMOOT; TODD SOMMERVILLE; KRISHEENA STAJDUHAR; DAMON STANLEY; KIRSTEN STANLEY; DAVID STORACI; JOSEPH STOWMAN; WILLIAM SULLIVAN; CARL SUTHERLAND; APRIL SWOFFORD; ROGER W. SZELMECZKA; LINDA THOMAS; JAMES THORNE; ANDREW TUCKER; DANIEL TURLINGTON; AMANDA L. TYLER, Professor; ARIC TYLER; EVA UPCHURCH; BRANDT URWIN; JEFF VANDERPOL; ANGELA VILLAREAL; AARON WEBBER; RYAN WEIDEMAN; SHAWN D. WELKER; HANS WELLENBROCK; TRENT WELLNER; TOBIN WELLS; KRISTINA WHALEN; DANIEL WHARTON; NATHANIEL WICK; WENDY WILDE; KEATON WILLIAMS; LOGAN WILLIAMS; BRIAN WILLIAMSON; NATHANIEL WILSON; ROBERT WOOD; PAUL WULFF; TIM YORK; ROBERT ZANE; D. N.; WILLIAM WEISBERG, Esquire; TERRI ADAMS; JARYD JOSEPH

ANDERSON; LESLIE BLANK;
SHANNA BRITTAIN; NATHANIEL
BROOK; JEFF BROOKS; JACOB
CLARK; JAMES T. CLARK; LANE
DAHL; MARY E. DAY; JAMES
DEWEY; GREGG DILLINGHAM;
TODD DIRKS; ERIC DYSLAND;
JOHN FLANAGAN; ALEJANDRO
FRAGOZO; ERIKA JORDAN;
THOMAS S. KRASNER; DOUGLAS
PATNODE; ADRIANA ELIZABETH
PRESCOTT; CHRISTOPHER
YAROCH,
*Plaintiffs-Appellants,*

and

ALICIA URWIN; SHARI
WEISBERG; KENNETH JARMAN,
*Plaintiffs,*

v.

BRIAN VANCE, in his official
capacity as Manager of the United
States Department of Energy Hanford
Site; JOSEPH R. BIDEN, in his
official capacity as President of the
United States of America; JENNIFER
GRANHOLM, in her official capacity
as Secretary of the United States
Department of Energy,
*Defendants-Appellees,*

and

VALERIE MCCAIN, in her official
capacity as Vit Plant Project Director,
BECHTEL; SCOTT SAX, in his
official capacity as President and
Project Manager of Central Plateau
Cleanup Company; ROBERT
WILKINSON, in his official capacity
as President and Program Manager of
Hanford Mission Integrated Solutions
LLC; DON HARDY, in his official
capacity as Manager of Hanford
Laboratories Management and
Integration 222-S Laboratory
Manager; HIRAM SETH WHITMER,
in his official capacity as President and
Program Manager, HPM Corporation;
STEVEN ASHBY, in his official
capacity as Laboratory Director,
Pacific Northwest National
Laboratory,
                    *Defendants.*

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Submitted June 7, 2023[*]
Seattle, Washington

Filed June 13, 2023

Before: William A. Fletcher, Richard R. Clifton, and
Sandra S. Ikuta, Circuit Judges.

Opinion by Judge Clifton

## SUMMARY[**]

### Executive Orders / Sovereign Immunity / Mootness

The panel affirmed in part and dismissed as moot in part an action brought by a group of Federal contractor employees and Federal employees working for the Department of Energy, challenging Executive Orders 14,042 and 14,043 (EOs), which mandated COVID-19 vaccinations with medical and religious exemptions, and remanded.

Plaintiffs challenged the EOs as ultra vires exercises of presidential power in violation of the Federal Property and Administrative Services Act, the Office of Federal Procurement Policy Act, the Administrative Procedure Act, the Religious Freedom and Restoration Act (RFRA), the

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

major questions doctrine, and general constitutional federalism constraints. The district court denied Plaintiffs' motion for a temporary restraining order, a preliminary injunction, and declaratory relief. The district court then dismissed the operative Second Amended Complaint with prejudice for failure to state a claim and without leave to amend.

While this appeal was pending, the challenged EOs were revoked by Executive Order 14,099, effective May 12, 2023.

The panel concluded that the case was moot as to all non-RFRA claims. The vaccine mandate exemption processes that the Plaintiffs challenged were premised on the revoked EOs. The panel held that it could not provide relief from EOs and exemption processes that no longer exist. Accordingly, no live controversy remained between the parties.

The panel further concluded that Plaintiffs' claims for damages under RFRA were precluded by sovereign immunity. The government stated that it "has not waived sovereign immunity for monetary damages under RFRA or any of plaintiffs' statutory causes of action." Because RFRA did not waive sovereign immunity, and the government had not otherwise done so, the panel affirmed the district court's dismissal of Plaintiffs' RFRA claims for lack of jurisdiction on sovereign immunity grounds.

Finally, the panel remanded to the district court with instructions to vacate the portion of the orders on appeal addressing all non-RFRA claims.

**COUNSEL**

Nathan J. Arnold, Arnold & Jacobowitz PLLC, Redmond, Washington; Simon P. Serrano, Silent Majority Foundation, Pasco, Washington; for Plaintiffs-Appellants.

Anna O. Mohan, Mark B. Stern, and David L. Peters, Appellate Staff Attorneys; Brian M. Boynton, Principal Deputy Assistant Attorney General, Civil Division; United States Department of Justice; Washington, D.C.; John Drake and Molly Smith, Assistant United States Attorneys; Vanessa R. Waldref, United States Attorney, Eastern District of Washington; Office of the United States Attorney; Spokane, Washington; for Defendants-Appellees.

# OPINION

CLIFTON, Circuit Judge:

Plaintiffs-Appellants, a group of Federal contractor employees and Federal employees working for the Department of Energy, challenged two Executive Orders, Executive Orders 14,042 and 14,043 (EOs), issued in September 2021.[1] Those EOs mandated COVID-19 vaccination for Federal contractor employees and Federal employees, respectively. They also provided for legally required medical or religious exemptions. Plaintiffs challenged the EOs as ultra vires exercises of presidential power in violation of the Federal Property and Administrative Services Act (Procurement Act), the Office of Federal Procurement Policy Act (Procurement Policy Act), the Administrative Procedure Act (APA), the Religious Freedom and Restoration Act (RFRA), the major questions doctrine, and general constitutional federalism constraints.[2] Plaintiffs sought injunctive and declaratory relief to address their allegedly "imminent and wrongful termination[s]" for failure to comply with the vaccination requirements.

---

[1] *See* Exec. Order No. 14,042, 86 Fed. Reg. 50,985, 50,985–88 (Sep. 14, 2021) (Federal contractor vaccine mandate); Exec. Order No. 14,043, 86 Fed. Reg. 50,989, 50,989–90 (Sep. 14, 2021) (Federal employee vaccine mandate).

[2] *See* 40 U.S.C. § 101 *et seq.* (Procurement Act); 41 U.S.C. § 1707 (Procurement Policy Act); 5 U.S.C. §§ 551, 706 (APA); 42 U.S.C. §§ 2000bb *et seq.* (RFRA); *West Virginia v. EPA*, 142 S.Ct. 2587, 2609 (2022) (explaining the major questions doctrine and federalism concerns).

The district court held that plaintiffs who had submitted religious and medical exemptions, but who had not yet completed the exemption request process, did not have claims ripe for adjudication. The district court then dismissed the operative Second Amended Complaint with prejudice for failure to state a claim and without leave to amend. *Donovan v. Biden*, 603 F. Supp. 3d 975, 985 (E.D. Wash. 2022). It did so after denying Plaintiffs' motion for a temporary restraining order, a preliminary injunction, and declaratory relief. *Donovan v. Vance*, 576 F. Supp. 3d 816, 827 (E.D. Wash. 2021). It also did so after providing three opportunities for Plaintiffs to properly plead their allegations. Plaintiffs appealed both the interlocutory and final orders.

While this appeal was pending before us, the challenged EOs were revoked by Executive Order 14,099 (Revocation EO), effective May 12, 2023.[3] We ordered supplemental briefs from the parties addressing whether that revocation caused this case to become moot. In that briefing, the government argued that because President Biden has revoked the challenged EOs, the appeal is moot. For their part, Plaintiffs argued that the case is not moot, and that they are entitled to damages under RFRA.

We conclude that the case is moot as to all non-RFRA claims. We further conclude that Plaintiffs' RFRA claims are precluded by sovereign immunity. We therefore affirm the district court's dismissal of Plaintiffs' RFRA claims, dismiss the remainder of the appeal, and remand with

---

[3] *See* Exec. Order No. 14,099, 88 Fed. Reg. 30,891, 30,891–92 (May 15, 2023) (Revocation EO).

instructions to vacate the portion of the orders on appeal addressing all non-RFRA claims.

**1.　　Mootness**

"A case is moot on appeal if no live controversy remains at the time the court of appeals hears the case," such that no "appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in his favor." *NASD Disp. Resol., Inc. v. Jud. Council of State of Cal.*, 488 F.3d 1065, 1068 (9th Cir. 2007) (internal citation and quotation omitted). If so, "[t]he court . . . lacks jurisdiction and must dismiss the appeal." *Pub. Util. Comm'n of State of Cal. v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996).

The Revocation EO specifically provides that "Executive Order 14042 and Executive Order 14043 are revoked. Agency policies adopted to implement [the challenged vaccine mandates], to the extent such policies are premised on those orders, *no longer may be enforced and shall be rescinded* consistent with applicable law." Revocation EO § 2 (emphasis added). Moreover, the Safer Federal Workforce Task Force guidance—which had provided instructions to agencies on implementing the vaccine mandates and any exemptions—now states that "*all prior guidance* from the Safer Federal Workforce Task Force implementing the requirements of [the EOs 14042 and 14043] has also been revoked.'"[4] *See also Mayes v. Biden*, 67 F.4th 921 (9th Cir. 2023) (explaining in depth the revoked processes and resolving identically situated Federal contractors' claims on the merits).

---

[4] *See What's New?*, Safer Federal Workforce Task Force (May 12, 2023), https://www.saferfederalworkforce.gov/new/ (emphasis added).

The vaccine mandate exemption processes that the Plaintiffs challenged were premised on the revoked EOs, implemented according to the rescinded Task Force guidance. We cannot provide relief from EOs and exemption processes that no longer exist. Thus, "no live controversy remains between the parties because the challenged activity has evaporated or disappeared." *Ctr. For Biological Diversity v. Lohn*, 511 F.3d 960, 964 (9th Cir. 2007) (quotations omitted).

In sum, as to the claims alleging violations of the Procurement Act, Procurement Policy Act, the APA, the major questions doctrine, and structural constitutional constraints, we hold that this appeal is moot and dismiss.[5]

## 2.      Claim for Damages under RFRA

Plaintiffs also argue that they are entitled to damages for violations of RFRA. However, "[s]overeign immunity shields the United States from suit absent a consent to be sued that is unequivocally expressed in the text of a relevant statute," *Daniel v. Nat'l Park Serv.*, 891 F.3d 762, 768 (9th Cir. 2018) (quotations omitted), and is a "threshold jurisdictional issue[] that we review de novo," *Deschutes*

---

[5] We reject as meritless Plaintiffs' suggestions that either the "capable of repetition, yet evading review" or "voluntary cessation" exceptions to mootness apply here. *See, e.g.*, *Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 836 (9th Cir. 2014) (capable of repetition yet evading review exception applies only to "classes of cases that, absent an exception, would *always* evade judicial review," which is not the case here given our opinion in *Mayes*); *cf. e.g.*, *Brach v. Newsom*, 38 F.4th 6, 9 (9th Cir. 2022) (en banc), *cert. denied*, 143 S. Ct. 854 (2023) (holding that the "mere possibility that California might again suspend in-person instruction is too remote to save this case" from mootness) (emphasis removed).

*River All. v. Portland Gen. Elec. Co.*, 1 F.4th 1153, 1158 (9th Cir. 2021) (internal quotation omitted). We have held that "RFRA does not waive the federal government's sovereign immunity from damages." *Oklevueha Native Am. Church of Haw., Inc. v. Holder*, 676 F.3d 829, 840 (9th Cir. 2012).

The government states that it "has not waived sovereign immunity for monetary damages under RFRA or any of plaintiffs' statutory causes of action." Because RFRA does not waive sovereign immunity, and the government has not otherwise done so, we dismiss Plaintiffs' RFRA claims for lack of jurisdiction on sovereign immunity grounds. *See also United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").

### 3.      Vacatur

Finally, the district court's orders on appeal must be vacated. Under *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950), "vacatur is generally automatic in the Ninth Circuit when a case becomes moot on appeal." *NASD Disp. Resol., Inc.*, 488 F.3d at 1068 (quotation omitted). We decline to apply *Munsingwear* vacatur only when "the *party seeking appellate relief* fails to protect itself or is the cause of subsequent mootness.'" *Id.* at 1069 (quotation omitted) (emphasis in original). But "mootness by happenstance provides sufficient reason to vacate." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25 n.3 (1994).

Here, the President revoked the challenged EOs while Plaintiffs' appeal was pending, a happenstance outside their control. Therefore, equitable principles do not counsel against vacatur. *See id.* at 26 (vacatur requires "equitable entitlement"). Furthermore, vacatur would not harm the

public interest here. *See id.* (courts must "take account of the public interest" in preventing collateral attacks on judgments from parties that settle or render a case moot).

More broadly, *Mayes* resolved most of the issues in this case in a precedential opinion that provides ongoing guidance to the public. The fact that not all of Plaintiffs' claims are moot does not prevent vacatur, because "partial vacatur of a lower opinion can be appropriate." *City and Cnty. of San Francisco v. Garland*, 42 F.4th 1078, 1088 (9th Cir. 2022); *see also Camreta v. Greene*, 563 U.S. 692, 698 (2011) (vacating only "the part of the Ninth Circuit opinion that decided the Fourth Amendment issue" under *Munsingwear*). To the extent Plaintiffs' poorly pleaded allegations raised different issues that the public has an interest in seeing resolved, "[n]o matter what we conclude [about vacatur], the opinion of the district court will not be ripped from Federal Supplement [3]d. It will still be available and will still be citable for its persuasive weight . . . [which is] all the weight a district court opinion carries anyway[.]" *NASD Disp. Resol., Inc.*, 488 F.3d at 1069.

Each party to bear its own costs.

**AFFIRMED in part; DISMISSED in part; REMANDED with instructions to VACATE IN PART.**