NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 17 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CORAZON DE CRISTO CANO; et al., | No. 22-56094 |
| Plaintiffs-Appellants, | D.C. No. 3:22-cv-00193-CAB-AHG |
| v. | |
| JOSEPH R. BIDEN, President of the United States; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted June 7, 2024**
Pasadena, California

Before: M. SMITH and BADE, Circuit Judges, and FITZWATER,*** District
Judge.

Plaintiff-Appellants are a group of individual employees who filed suit to

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Sidney A. Fitzwater, United States District Judge for
the Northern District of Texas, sitting by designation.

challenge vaccination requirements in two executive orders issued at the height of the COVID-19 pandemic: Executive Order 14,042[1] and Executive Order 14,043.[2] The district court denied Plaintiffs' motion for a temporary restraining order and dismissed their claims. Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling. We have jurisdiction pursuant to 28 U.S.C. §1291, and we dismiss in part, and affirm in part.

1.      This case is moot as to those plaintiffs who have not experienced any adverse employment actions as a result of the Executive Orders, because those Orders have since been revoked. *See Donovan v. Vance*, 70 F.4th 1167, 1171–72 (9th Cir. 2023); Exec. Order No. 14,099, 88 Fed. Reg. 30,891, 30,891 (May 9, 2023).  The Executive Order revoking the challenged orders specifically stated that "[a]gency policies adopted to implement Executive Order 14042 or Executive Order 14043, to the extent such policies are premised on those orders, no longer may be enforced and shall be rescinded consistent with applicable law." 88 Fed. Reg. at 30,891. Because "[w]e cannot provide relief from [Executive Orders] and

---

[1] This Executive Order directed federal agencies to include in certain contracts a clause requiring contractor employees to follow COVID-19 safety protocols.

[2] This Executive Order directed federal agencies to require certain federal employees be vaccinated against COVID-19 unless a legally required exception applied.

exemption processes that no longer exist," this matter is dismissed as moot as to those plaintiffs. *Vance*, 70 F.4th at 1172.

2. As to the remaining thirteen plaintiffs who allege to have experienced adverse employment actions, we affirm the district court's determination that those individuals lack standing. To establish standing, a party must demonstrate that any alleged injury "would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). Plaintiffs have failed to make this showing because they did not name their employers as defendants, but rather federal officials who cannot reinstate them. They have thus failed to establish "the irreducible constitutional minimum of standing." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

DISMISSED IN PART; AFFIRMED IN PART.