**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE GLAZING HEALTH AND WELFARE TRUST; BOARD OF TRUSTEES OF THE SOUTHERN NEVADA GLAZIERS AND FABRICATORS PENSION TRUST FUND; BOARD OF TRUSTEES OF THE PLUMBERS AND PIPEFITTERS UNION LOCAL 525 PENSION PLAN; THE BOARD OF TRUSTEES OF THE PAINTERS, GLAZIERS AND FLOORCOVERERS JOINT APPRENTICESHIP AND JOURNEYMAN TRAINING TRUST; THE BOARD OF TRUSTEES OF THE PAINTERS, GLAZIERS AND FLOORCOVERERS SAFETY TRAINING TRUST FUND; THE BOARD OF TRUSTEES OF THE PAINTERS AND FLOORCOVERERS JOINT COMMITTEE; THE BOARD OF TRUSTEES OF THE SOUTHERN NEVADA PAINTERS AND DECORATORS AND GLAZIERS LABOR-MANAGEMENT COOPERATION COMMITTEE TRUST; THE BOARD OF TRUSTEES OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND; THE BOARD OF TRUSTEES OF THE EMPLOYEE PAINTERS' TRUST; THE | No. 16-15588<br><br>D.C. No.<br>2:15-cv-01754-<br>KJD-VCF<br><br><br>OPINION |

BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST; THE BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS JOINT PENSION TRUST; THE BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS VACATION TRUST; THE BOARD OF TRUSTEES OF SOUTHERN NEVADA LABORERS LOCAL 872 TRAINING TRUST; BOARD OF TRUSTEES OF THE PLUMBERS AND PIPEFITTERS LOCAL 525 HEALTH AND WELFARE TRUST AND PLAN; BOARD OF TRUSTEES OF THE PLUMBERS AND PIPEFITTERS UNION LOCAL 525 PENSION PLAN; BOARD OF TRUSTEES OF PLUMBERS AND PIPEFITTERS LOCAL UNION 525 APPRENTICE AND JOURNEYMAN TRAINING TRUST FOR SOUTHERN NEVADA,

*Plaintiffs-Appellees*,

v.

SHANNON CHAMBERS, Nevada Labor Commissioner, in her official capacity,

*Defendant-Appellant.*

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted En Banc June 18, 2019
San Francisco, California

Filed November 7, 2019

Before:  Sidney R. Thomas, Chief Judge, and William A.
Fletcher, Ronald M. Gould, Jay S. Bybee, Consuelo M.
Callahan, Milan D. Smith, Jr., Sandra S. Ikuta, Morgan
Christen, John B. Owens, Ryan D. Nelson, and Bridget S.
Bade, Circuit Judges.

Opinion by Chief Judge Thomas

## SUMMARY[*]

### Mootness of Action Challenging Legislation

The en banc court dismissed as moot an appeal from the district court's summary judgment in favor of the plaintiffs in an action challenging Nevada Senate Bill 223, which amended state vicarious liability and lien collection laws to impose certain administrative requirements on labor union trusts when they pursue debt collection on behalf of union members.

---

[*] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

The district court held that the statute was preempted by the Employee Retirement Income Security Act. While this appeal from the district court's judgment was pending, the Nevada legislature repealed Senate Bill 223 and replaced it with Senate Bill 338, with the specific intent to avoid the ERISA preemption issues of Senate Bill 223.

Joining other circuits, the panel held that the repeal, amendment, or expiration of legislation creates a presumption that an action challenging the legislation is moot, unless there is a reasonable expectation that the legislature is likely to enact the same or substantially similar legislation in the future. Applying these principles to this case, the panel concluded that the action was moot. The panel dismissed the appeal as moot and remanded the case to the district court with instructions to vacate the judgment and dismiss the complaint.

## COUNSEL

Heidi P. Stern (argued), Solicitor General; Melissa L. Flatley, Deputy Attorneys General; Gregory L. Zunino, Bureau Chief; Joseph F. Tartakovsky, Deputy Solicitor General; Adam Paul Laxalt, Attorney General; Office of the Attorney General, Carson City, Nevada; for Defendant-Appellant.

Bryce C. Loveland (argued) and Adam P. Segal, Brownstein Hyatt Farber Schreck LLP, Las Vegas, Nevada; Daryl E. Martin and Wesley J. Smith, Christensen James & Martin, Las Vegas, Nevada; Sean W. McDonald and Michael A. Urban, The Urban Law Firm, Las Vegas, Nevada; for Plaintiffs-Appellees.

Sarah Bryan Fask, Littler Mendelson P.C., Philadelphia, Pennsylvania; Richard N. Hill, Littler Mendelson P.C., San Francisco, California; for Amicus Curiae Nevada Contractors Association.

Kevin C. Powers, Chief Litigation Counsel; Brenda J. Erdoes, Legislative Counsel; Nevada Legislative Counsel Bureau, Legal Division, Carson City, Nevada; for Amicus Curiae Nevada Legislature.

Laurie A. Traktman, Gilbert & Sackman, Los Angeles, California, for Amici Curiae Board of Trustees of the Sheet Metal Workers' Pension Plan of Southern California, Arizona and Nevada, and Board of Trustees of the Sheet Metal Workers' Health Plan of Southern California, Arizona and Nevada.

---

## OPINION

THOMAS, Chief Judge:

We granted rehearing en banc in this case to examine and harmonize our precedent concerning the proper analytical framework to apply when determining whether the repeal, amendment, or expiration of legislation renders a lawsuit challenging the legislation moot. We conclude that such a legislative act creates a presumption that the action is moot, unless there is a reasonable expectation that the legislative body is likely to enact the same or substantially similar legislation in the future. Applying these principles to this case, we conclude that the action is moot, and we dismiss it.

I

In 2015, the Nevada legislature passed Senate Bill 223, which amended state vicarious liability and lien collection laws to impose certain administrative requirements on labor union trusts when they pursue debt collection on behalf of union members. *See* 2015 Nev. Laws Ch. 345. In response to an action filed by some of the trusts, the district court held that the statute was entirely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA") because it regulated the relationships between ERISA plans and employees. *Bd. of Trs. of the Glazing Health & Welfare Tr. v. Chambers*, 168 F. Supp. 3d 1320, 1323–25 (D. Nev. 2016). The Nevada Labor Commissioner appealed.

While this appeal was pending, the Nevada legislature entirely repealed S.B. 223 and replaced it with Senate Bill 338, with the specific intent to avoid the ERISA preemption issues of S.B. 223. The Legislative Counsel's Digest accompanying S.B. 338 cited the district court's decision as informing the bill.[1] The four provisions that the district court determined were preempted by ERISA do not appear in the new bill. The ERISA plans are not mentioned in the new bill.

A divided three judge panel, relying on different strands of our circuit's precedent, concluded that the repeal of S.B. 223 and the enactment of S.B. 338 did not render the instant

---

[1] The Legislative Counsel's Digest accompanying the bill states: "The United States District Court for the District of Nevada in *Bd. of Trs. of the Glazing Health & Welfare Tr. v. Chambers*, 168 F. Supp. 3d 1320 (D. Nev. 2016), ruled that Senate Bill No. 223 was preempted by [ERISA] . . . . This bill sets forth amendments that would prevent the provisions of law amended in Senate Bill No. 223 from being preempted." 2017 Nev. Laws Ch. 277.

action moot. *Bd. of Trs. of the Glazing Health & Welfare Tr. v. Chambers*, 903 F.3d 829, 838–44 (9th Cir. 2018). A majority of the non-recused active judges voted to rehear the appeal en banc. *Bd. of Trs. of the Glazing Health & Welfare Tr. v. Chambers*, 923 F.3d 1162 (9th Cir. 2019) (granting rehearing en banc).

## II

A private defendant's voluntary cessation of challenged conduct does not necessarily render a case moot because, if the case were dismissed as moot, the defendant would be free to resume the conduct. *See*, *e.g.*, *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000); *United States v. W. T. Grant Co.*, 345 U.S. 629, 632–33 (1953). However, we treat the voluntary cessation of challenged conduct by government officials "with more solicitude . . . than similar action by private parties." *Am. Cargo Transp., Inc. v. United States*, 625 F.3d 1176, 1180 (9th Cir. 2010) (internal quotation marks omitted) ("[W]e presume the government is acting in good faith."). For this reason, the repeal, amendment, or expiration of challenged legislation is generally enough to render a case moot and appropriate for dismissal. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 478 (1990) (legislature's passage of amendments rendered case moot); *Burke v. Barnes*, 479 U.S. 361, 363 (1987) (expiration of legislation rendered case moot); *Kremens v. Bartley*, 431 U.S. 119, 127–28 (1977) (legislature's repeal and replacement of legislation rendered case moot).

Despite this general rule, the Supreme Court has in some instances held that a case was not moot even when the government had repealed or amended a challenged statute or

ordinance.  For example, in *City of Mesquite v. Aladdin's Castle, Inc.*, the Supreme Court refused to dismiss an appeal as moot where a city had revised a challenged ordinance but was reasonably expected to reenact offending provisions because it had announced its intention to do so.  455 U.S. 283, 289 & n.11 (1982).  In *Northeastern Florida Chapter of the Associated General Contractors of America v. City of Jacksonville*, the Court similarly refused to dismiss an appeal as moot after a city had entirely repealed and replaced a challenged ordinance because the replacement ordinance disadvantaged plaintiffs only "to a lesser degree" than the original one.  508 U.S. 656, 662–63 (1993).

Following these decisions, nearly "all [other] circuits to address the issue" have interpreted *City of Mesquite* "to support the rule that repeal of a contested ordinance moots a plaintiff's injunction request, absent evidence that the City plans to or already has reenacted the challenged law or one substantially similar." *McCorvey v. Hill*, 385 F.3d 846, 849 (5th Cir. 2004) (internal quotation marks omitted); *see also Libertarian Party of Ark. v. Martin*, 876 F.3d 948, 951 (8th Cir. 2017) (noting statutory change is usually enough to moot a challenge to the statute even though legislature maintains power to reenact); *Coral Springs St. Sys., Inc. v. City of Sunrise*, 371 F.3d 1320, 1329–33 (11th Cir. 2004) (noting repeal generally moots a challenge to a statute unless legislature reasonably likely to reenact); *Fed'n of Advert. Indus. Representatives, Inc. v. City of Chicago*, 326 F.3d 924, 930 (7th Cir. 2003) (noting "[r]ather than presuming bad faith" on the part of the government, court considers complete repeal to render a case moot unless reasonable expectation of reenactment).

Our analytical approach in response to *City of Mesquite* and *Northeastern Florida* has been somewhat inconsistent. In some cases, we have declined to apply a presumption of mootness where a statute or ordinance was repealed or amended. For example, in *Thalheimer v. City of San Diego*, we emphasized that concerns about a government's evasion of judicial review are "of particular force" where voluntary cessation "occur[s] only in response to the district court's judgment." 645 F.3d 1109, 1126 (9th Cir. 2011) (quoting *Jacobus v. Alaska*, 338 F.3d 1095, 1103 (9th Cir. 2003)). In *Jacobus v. Alaska*, we noted that "mootness is less appropriate when repeal [of legislation] occurred due to the 'prodding effect' of litigation." 338 F.3d at 1103 (quoting *Smith v. Univ. of Wash. Law School*, 233 F.3d 1188, 1194 (9th Cir. 2000)). And in *Coral Construction Co. v. King County*, we stated that "even if the government is unlikely to reenact the provision, a case is not easily mooted where the government is otherwise unconstrained should it later desire to reenact the provision." 941 F.2d 910, 928 (9th Cir. 1991) (citing *City of Mesquite*, 455 U.S. at 289 n.10). In other cases, we have applied a high burden for overcoming the presumption of mootness. Indeed, we have suggested there must be a "virtual certainty" that a government will not reenact legislation in order to overcome the presumption of mootness. *See*, *e.g.*, *Log Cabin Republicans v. United States*, 658 F.3d 1162, 1167 (9th Cir. 2011) (per curiam); *Chem. Producers & Distribs. Ass'n v. Helliker*, 463 F.3d 871, 878 (9th Cir. 2006); *Native Vill. of Noatak v. Blatchford*, 38 F.3d 1505, 1510–11 (9th Cir. 1994).

In reconsidering our precedent, we join the majority of our sister circuits in concluding that legislative actions should not be treated the same as voluntary cessation of challenged acts by a private party, and that we should assume that a

legislative body is acting in good faith in repealing or amending a challenged legislative provision, or in allowing it to expire. Therefore, in determining whether a case is moot, we should presume that the repeal, amendment, or expiration of legislation will render an action challenging the legislation moot, unless there is a reasonable expectation that the legislative body will reenact the challenged provision or one similar to it.

The party challenging the presumption of mootness need not show that the enactment of the same or similar legislation is a "virtual certainty," only that there is a reasonable expectation of reenactment. But a determination that such a reasonable expectation exists must be founded in the record, as it was in *City of Mesquite*, rather than on speculation alone.

To the extent that any of our prior cases suggest a different analysis than the one adopted here, we overrule them in relevant part.

III

Applying these principles to this case, we begin with the presumption that this appeal is moot because the Nevada legislature repealed S.B. 223 and replaced it with S.B. 338, without reenacting the challenged provisions. There is no evidence in the record indicating a reasonable expectation that the Nevada legislature is likely to enact the same or substantially similar legislation in the future. To the contrary,

the record indicates that the Nevada legislature has, in good faith, responded appropriately. No live controversy remains.[2]

Therefore, we dismiss this appeal as moot and remand to the district court with instructions to vacate the judgment and dismiss the complaint in accordance with *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950). All pending motions are denied as moot.

**DISMISSED AND REMANDED WITH INSTRUCTIONS.**

---

[2] After urging the three judge panel to dismiss the case as moot, the Commissioner reversed course and argued before the en banc court that the case was not moot. However, the Commissioner did not cross-appeal the issues it now raises and our disposition here renders those questions moot as well.