**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 23 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES M. MOUSER, | No. 19-15685 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-00714-JJT |
| v. | |
| CHARLES L. RYAN, named as Charles Ryan, sued in individual and official capacity, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted August 17, 2022[**]

Before:     S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

James M. Mouser, a person incarcerated in Arizona state prison, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging violations of the First and Fourteenth Amendments.  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.  We review de novo.  *Al Haramain Islamic Found., Inc. v. U.S. Dept. of Treasury*, 686 F.3d 965, 976 (9th Cir. 2012).  We may affirm on any basis supported by the record.  *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008).  We affirm in part, vacate in part, and remand.

To the extent that Mouser challenged the Arizona Department of Corrections' ban on content "that may, could reasonably be anticipated to, could reasonably result in, is or appears to be intended to cause or encourage sexual excitement or arousal or hostile behaviors, or that depicts sexually suggestive settings, poses or attire," set forth in Department Order 914.1.2.17, injunctive relief is moot because this portion of the Department Order has been severed and rescinded.  *See Prison Legal News v. Ryan*, 39 F.4th 1121, 1133-34 (9th Cir. 2022) (finding "no apparent connection between restricting all content that 'may' cause sexual arousal or be suggestive of sex—in the subjective judgment of the prison employee reviewing incoming mail—and the penological interests at stake," and severing this restriction); *Bd. of Trs. of Glazing Health and Welfare Trust v. Chambers*, 941 F.3d 1195, 1199-1200 (9th Cir. 2019) (discussing mootness).

To the extent that Mouser otherwise challenged Department Order 914's prohibition on "sexually explicit materials," summary judgment was proper because the challenged prohibition was reasonably related to legitimate penological interests.  *See Prison Legal News*, 39 F.4th at 1132-1133.

19-15685

The district court properly granted summary judgment on Mouser's as-applied challenge to the delay in receiving the publications, on the basis of qualified immunity, because it would not have been clear to every reasonable prison official that enacting a policy that established a review process that may delay receipt of publications would violate clearly established law. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (explaining two-part test for qualified immunity); *Crofton v. Roe*, 170 F.3d 957, 961 (9th Cir. 1999) (explaining that a temporary delay in delivery of publications does not violate First Amendment rights if the delay is reasonably related to a legitimate penological interest).

Summary judgment was proper on Mouser's due process claim because defendant was not personally involved in the redaction or transmission of Mouser's publications, and the alleged error of not providing the explanation for the redaction was not the result of the challenged Department Order. *See Felarca v. Birgeneau*, 891 F.3d 809, 819-20 (9th Cir. 2018).

The district court construed Mouser's First Amendment as-applied challenge as based solely on the delay in providing the first publication, "Stunning Vietnamese Ladies." However, Mouser also challenged the Department's redaction of the second publication, "Mingle," as overly broad because it did not contain sexually explicit material. Because the district court did not consider whether the redaction of "Mingle" violated the First Amendment, we vacate the

judgment in part and remand for the district court to consider in the first instance whether the redaction of "Mingle" violated the First Amendment, and if so, whether defendant is liable.

The parties will bear their own costs on appeal.

**AFFIRMED in part; VACATED in part; and REMANDED.**