NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 25 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CALIFORNIA RENTAL HOUSING ASSOCIATION; MARY MONTANO; TRANG HO, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> GAVIN NEWSOM, in his official capacity as Governor of California; ROB BONTA, in his official capacity as Attorney General of California, <br><br> Defendants-Appellees. | No. 22-16675 <br><br> D.C. No. 2:21-cv-01394-JAM-JDP <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, Senior District Judge, Presiding

Submitted January 12, 2024**
Pasadena, California

Before: BOGGS,*** RAWLINSON, and H.A. THOMAS, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Danny J. Boggs, Senior Circuit Judge of the United States Court of Appeals for the Sixth Circuit, sitting by designation.

California Rental Housing Association, Mary Montano, and Trang Ho (collectively, the Landlords) appeal the district court's dismissal of their challenge to California's now-expired COVID-19-related residential-eviction moratorium.[1] We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal of an action for lack of subject-matter jurisdiction. *Ali v. Rogers*, 780 F.3d 1229, 1233 (9th Cir. 2015). We affirm.

The Landlords originally challenged the moratorium on the grounds that it violated the Constitution's Takings Clause, Contracts Clause, and Due Process Clause. The district court correctly held that the Landlords' action is moot because the moratorium has expired and there is no longer any state order for a court to declare unconstitutional or to enjoin. In other words, "the actual controversy has evaporated." *Brach v. Newsom*, 38 F.4th 6, 11 (9th Cir. 2022). But the Landlords argue that their claims remain live under two mootness exceptions.

1.    The Landlords first argue that the voluntary-cessation exception to mootness saves their claims. We start from the presumption that the expiration of the moratorium legislation is enough to moot the Landlords' claims absent evidence of a reasonable expectation of reenactment. *See Bd. of Trs. of Glazing Health &*

---

[1] The Landlords challenged Assembly Bill 832, an extension of the COVID-19 Tenant Relief Act (Assembly Bill 3088). They also sought relief from "future similar laws that continue or impose an unconstitutional moratorium on the right of rental housing owners to repossess their properties for nonpayment of rent."

*Welfare Tr. v. Chambers*, 941 F.3d 1195, 1199 (9th Cir. 2019). "Reasonable expectation means something more than 'a mere physical or theoretical possibility.'" *Brach*, 38 F.4th at 14 (quoting *Murphy v. Hunt*, 455 U.S. 478, 482 (1982)).

The Landlords argue that the state's failure to renounce the moratorium is evidence that it may be reenacted. But they point to no authority supporting the proposition that, in order to moot a challenge, the government must publicly repudiate expired legislation. Their reliance on *Brach* is misplaced, as the issue in that case was executive action and this court did not, as the Landlords argue, hold that renunciation is key to all voluntary-cessation analyses. In fact, like the challenged closures of in-person schools in *Brach*, the eviction moratorium here was a "temporary measure[] designed to expire by [its] own terms," and state courts have been processing evictions "for more than a year." *Id.* at 15.

The Landlords also assert that the Supreme Court's decision in *West Virginia v. EPA*, 142 S. Ct. 2587 (2022), counsels against a presumption of mootness for expired legislation. It does not. To be sure, *West Virginia* reiterates that the government's burden to establish mootness is "heavy" where "[t]he only conceivable basis for a finding of mootness in th[e] case is [the respondent's] voluntary conduct." *Id.* at 2607. But unlike the administrative action in *West Virginia*, the challenged conduct here is expired legislation. The mere fact that the laws are no longer in effect helps the government meet its heavy burden. *See*

3

*Chambers*, 941 F.3d at 1198.

Finally, the Landlords argue that the "legal, epidemiological, and social bases for the moratorium persist." This argument fails, in large part because Governor Newsom officially ended the state of emergency in February of 2023, and "the trajectory of the pandemic has been altered." *Brach*, 38 F.4th at 15. "[W]hen circumstances change, it is not reasonable to expect simple repetition of past actions." *Wallingford v. Bonta*, 82 F.4th 797, 804 (9th Cir. 2023).

The Landlords do not cite record evidence suggesting that another moratorium is anything more than theoretically possible. This is bare speculation, and that is not enough to overcome the presumption of mootness. *See Chambers*, 941 F.3d at 1199.

2.    The Landlords also argue that their claims are live under the capable-of-repetition-yet-evading-review exception to mootness. For this exception to apply, the Landlords must show, in part, "a reasonable expectation that they will once again be subjected to the challenged activity." *Lee v. Schmidt-Wenzel*, 766 F.2d 1387, 1390 (9th Cir. 1985). Because the reasonable-expectation analyses in the two proffered exceptions are analogous, *see Brach*, 38 F.4th at 15, the Landlords' capable-of-repetition argument necessarily also fails.

**AFFIRMED.**

4