**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 21 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CITIZENS FOR CLEAN ENERGY; ECOCHEYENNE; MONTANA ENVIRONMENTAL INFORMATION CENTER; CENTER FOR BIOLOGICAL DIVERSITY; DEFENDERS OF WILDLIFE; SIERRA CLUB; WILDEARTH GUARDIANS; NORTHERN CHEYENNE TRIBE; STATE OF CALIFORNIA; STATE OF NEW MEXICO; STATE OF NEW YORK; STATE OF WASHINGTON, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> U.S. DEPARTMENT OF THE INTERIOR; DEB HAALAND, Secretary of the Interior; BUREAU OF LAND MANAGEMENT, <br><br> Defendants, <br><br> STATE OF WYOMING; STATE OF MONTANA, <br><br> Intervenor-Defendants, <br><br> and <br><br> NATIONAL MINING ASSOCIATION, | No. 22-35789 <br><br> D.C. Nos. 4:17-cv-00030-BMM <br> 4:17-cv-00042-BMM <br><br> MEMORANDUM[*] |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Intervenor-Defendant-
Appellant.

CITIZENS FOR CLEAN ENERGY; ECOCHEYENNE; MONTANA ENVIRONMENTAL INFORMATION CENTER; CENTER FOR BIOLOGICAL DIVERSITY; DEFENDERS OF WILDLIFE; SIERRA CLUB; WILDEARTH GUARDIANS; NORTHERN CHEYENNE TRIBE; STATE OF CALIFORNIA; STATE OF NEW MEXICO; STATE OF NEW YORK; STATE OF WASHINGTON,

       Plaintiffs-Appellees,

  v.

U.S. DEPARTMENT OF THE INTERIOR; DEB HAALAND, Secretary of the Interior; BUREAU OF LAND MANAGEMENT,

       Defendants,

NATIONAL MINING ASSOCIATION,

       Intervenor-Defendant,

 and

STATE OF WYOMING; STATE OF MONTANA,

       Intervenor-Defendants-
       Appellants.

No.   22-35790

D.C. Nos.   4:17-cv-00030-BMM
           4:17-cv-00042-BMM

Appeal from the United States District Court
for the District of Montana

Brian M. Morris, Chief District Judge, Presiding

Argued and Submitted February 6, 2024
Portland, Oregon

Before: GOULD, BYBEE, and BRESS, Circuit Judges.

In 2016, then-Secretary of the Interior Sally Jewell ordered a moratorium on most new federal coal leases in connection with a broader review of the federal coal leasing program. The following year, then-Secretary of the Interior Ryan Zinke rescinded the Jewell Order and ordered the resumption of federal coal leasing. Appellees then filed this lawsuit alleging, as relevant here, that Secretary Zinke's rescission of the moratorium violated the National Environmental Protection Act of 1969 (NEPA). The National Mining Association, Wyoming, and Montana intervened as defendants.

Intervenors now appeal the district court's 2019 decision that the government violated NEPA by failing to conduct an environmental review in connection with the Zinke Order's rescission of the moratorium. Intervenors also challenge the district court's 2022 decision finding arbitrary and capricious the NEPA analysis that the government prepared in response to the district court's earlier order, as well as the district court's determination that this case is not moot. Appellants argue, among other things, that this case is moot because in April 2021, Secretary of the Interior Deb Haaland "revoked" the Zinke Order. We review the district court's mootness determination de novo. *Native Vill. of Nuiqsut v. Bureau of Land Mgmt.*,

3

9 F.4th 1201, 1208 (9th Cir. 2021). We agree with appellants that this case is moot.

We have "no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before [us].'" *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)). When we conclude that a case is moot, we "have jurisdiction to correct the jurisdictional error, but not to entertain the merits of an appeal." *Matheson v. Progressive Specialty Ins., Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam).

This lawsuit only concerns the Zinke Order's recission of the Jewell Order's moratorium on federal coal leasing. But the Zinke Order was "revoked" in April 2021. Nothing about the Zinke Order can be changed through further NEPA analysis when the Zinke Order is legally non-existent. Under these circumstances, "it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Native Vill. of Nuiqsut*, 9 F.4th at 1208 (alterations in original) (quoting *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012)); *cf. Donovan v. Vance*, 70 F.4th 1167, 1171–72 (9th Cir. 2023) (holding that challenges to executive orders

mandating COVID-19 vaccination were mooted when a subsequent executive order "revoked" the challenged orders); *Trump v. Hawaii*, 583 U.S. 941 (2017) (holding that a challenge to provisions of an executive order that "'expired by [their] own terms'" was moot (alteration in original) (quoting *Burke v. Barnes*, 479 U.S. 361, 363 (1987))).

The district court reasoned that the Haaland Order's failure to reinstate the coal leasing moratorium from the Jewell Order meant that "the Zinke Order still remains in partial effect." That is incorrect. The Haaland Order definitively "revoked" the Zinke Order. While appellees may be dissatisfied with the government's position that the Haaland Order did not revive the Jewell Order's moratorium, this does not provide a basis for concluding that a challenge to the defunct *Zinke Order* is live. To the extent appellees argue they are injured by the present lack of a moratorium on federal coal leasing—notwithstanding what appears to be the government's present adherence to a *de facto* moratorium—any such challenge relates to the Haaland Order and the Bureau of Land Management's interpretations of it, matters that are not part of this lawsuit. Any injury that appellees claim to suffer relating to the lack of a formal coal leasing moratorium is not fairly traceable to the defunct Zinke Order and cannot be remedied through relief relating to that Order, which has been revoked. *See Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 834 (9th Cir. 2014).

5

Nor does the voluntary cessation exception to mootness apply here. *See Friends of the Earth, Inc v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). "[W]e treat the voluntary cessation of challenged conduct by government officials 'with more solicitude . . . than similar action by private parties.'" *Bd. of Trs. of Glazing Health & Welfare Tr. v. Chambers*, 941 F.3d 1195, 1198 (9th Cir. 2019) (en banc) (quoting *Am. Cargo Transp., Inc. v. United States*, 625 F.3d 1176, 1180 (9th Cir. 2010)). Here, "it is 'absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" *West Virginia v. EPA*, 597 U.S. 697, 720 (2022) (quoting *Parents Involved in Cmty. Schs. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 719 (2007)). The Haaland Order "revoked" the Zinke Order in its entirety, and that repeal is "enough to render [the] case moot and appropriate for dismissal." *Bd. of Trs. of Glazing Health & Welfare Tr.*, 941 F.3d at 1198.

For the foregoing reasons, we vacate the district court's judgment and remand with instructions to dismiss the case as moot. The parties shall bear their own costs on appeal.

**VACATED AND REMANDED.**