NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 23 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

MALCOLM JOHNSON; STEPHANIE
KAISER; JESSIE CLARK; CHRISTINA
CARMICHAEL; TARA JOHNSON;
KATHLEEN SANDERS; F., Dr.; TRAVIS
BRENNEMAN; D., Ms.; LINDA RISER;
CHAD DILLARD; HEIDI HOPKINS;
GLENN HOPKINS; LEANN WAGERLE;
TERESA LYNN KARN; BOAZ MILLER;
CANDY BARNETT; LANE EWRY;
MARGARET HENSON; MELISSA
SWANCUTT; B., Ms.; WENDY SUMNER;
ADRIAN PARK; C., Dr.; KIMBERLY
SWEGAR; KELLY HICKMAN; GAIL
GILTNER; G., Ms.; JENNIFER BRIER;
MELANIE CRITES-BACHERT, D.O.;
MARTI LAMB; MARY GABRIELE, M.D.;
ELISABETH COATES; KORI
DISTEFANO; TERESE LAMPA; JAZMIN
GRAFF, M.D.; TERRI KAM; STEPHANIE
NYHUS; A., Dr.; DAVID WEST; NATE
LYONS; MITCHELL MOORE; DEBRA
BURDETTE; SUSAN BURDICK; SHANE
BAKER; KRISTIN DILL; K., Ms.; FREE
OREGON; M., Ms.; ANDRIELE
STODDEN; N., Ms.; GREG NIGH;
AMANDA GAYKEN; H.; KAREN
CARREIRA; DANIEL PAUL PENNA;
TAILER HART; CAROLYN BROWN;
ALYSSA LAKE; JANIRA BRANNIGAN;
AMETHYST WHITE; SERENA BORDES;
DEAN JOHNSON; LUCERO TERRAZAS;

No. 22-35624

D.C. No. 3:21-cv-01494-SI

MEMORANDUM[*]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

ELAINE ATKINSON; STACY
FLETCHER; J.; CHILDREN'S HEALTH
DEFENSE, Oregon; CHRISTINA
TRESSEL; L., Ms.; CARRIE HOWE;
TAMARA MILETICH; TAMMY GOAD;
CASSANDRA DYKE;

Plaintiffs-Appellants,

v.

TINA KOTEK, in her official capacity as
Governor of the State of Oregon; SEJAL
HATHI, in her official capacity as Director
of the Oregon Health Authority; KATE
BROWN, in her personal capacity;
PATRICK ALLEN, in his personal capacity,

Defendants-Appellees.

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted September 14, 2023
Seattle, Washington

Before: HAWKINS, R. NELSON, and COLLINS, Circuit Judges.

Plaintiffs appeal the dismissal of their federal claims in this action under 42 U.S.C. § 1983, in which they have challenged three since-repealed orders issued by former Oregon Governor Kate Brown and former Director of the Oregon Health Authority ("OHA") Patrick Allen. We largely affirm the district court's judgment, but we remand with instructions to correct the judgment to state that certain mooted claims are dismissed without prejudice, rather than with prejudice.

2

In August 2021, then-Governor Brown issued an executive order generally prohibiting any state executive branch employee from continuing to work for the executive branch after October 18, 2021 unless he or she received an approved Covid vaccine. Two OHA orders issued under Director Allen's authority likewise generally forbade healthcare workers and school employees from continuing to work in those capacities after October 18, 2021 unless they received Covid vaccinations. Shortly before the orders were about to take effect, Plaintiffs filed this suit, challenging all three orders on various grounds. Plaintiffs' operative complaint named as Defendants Governor Brown and Director Allen, in their official and personal capacities. Governor Brown, however, rescinded the challenged executive order on April 1, 2022. In July 2022, the district court dismissed all claims against Governor Brown as having been mooted by the rescission of the challenged executive order, and the court dismissed the remaining claims against Director Allen for failure to state a claim.

Plaintiffs timely appealed in August 2022. After Allen resigned as OHA Director in early 2023, the two challenged OHA orders were rescinded by an interim OHA Director, effective June 30, 2023.[1] We have jurisdiction under

---

[1] Moreover, during the course of this appeal, Governor Brown was succeeded by Governor Tina Kotek, and Director Allen was ultimately succeeded by Director Sejal Hathi. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Governor Kotek and Director Hathi are automatically substituted for their predecessors with

28 U.S.C. § 1291, and we review the district court's decision de novo. *Hunley v. Instagram, LLC*, 73 F.4th 1060, 1068 (9th Cir. 2023).

1. All three challenged orders have been rescinded, and we are persuaded that, on the particular record of this case, "the State has carried its burden of establishing there is no reasonable expectation the challenged conduct will recur." *Brach v. Newsom*, 38 F.4th 6, 15 (9th Cir. 2022) (en banc). Moreover, Plaintiffs' complaint did not seek reinstatement as a remedy for any employee who was terminated as a consequence of the vaccine mandates while they were in effect, and Plaintiffs likewise have not asserted the issue of reinstatement as a basis for rejecting Defendants' mootness arguments. *Cf. Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 840 (9th Cir. 1997) (stating that "reinstatement constitutes prospective injunctive relief"). We therefore deem any contentions based on reinstatement to be forfeited. *See Brownfield v. City of Yakima*, 612 F.3d 1140, 1149 n.4 (9th Cir. 2010). Under these circumstances, Plaintiffs' claims for prospective injunctive relief and declaratory relief are moot. *See Brach*, 38 F.4th at 11. The district court, however, dismissed these claims (even ones that it found to be moot) with prejudice. Under *Brach*, that was error. We therefore vacate the

respect to the claims asserted below against the Governor and Director in their official capacities. Former Governor Brown and former Director Allen remain the named Defendants with respect to the claims asserted against them below in their personal capacities.

4

district court's judgment dismissing with prejudice Plaintiffs' claims for injunctive and declaratory relief and remand with instructions to dismiss these claims without prejudice as moot. *See id*. at 15 (citing *Board of Trs. of Glazing Health & Welfare Tr. v. Chambers*, 941 F.3d 1195, 1200 (9th Cir. 2019) (en banc)).

2. To the extent that Plaintiffs seek damages against the Governor and the Director in their official capacities, those claims are barred by the Eleventh Amendment. *Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016).

3. Plaintiffs challenge the dismissal of their three federal claims for monetary damages against former Governor Brown and former Director Allen in their personal capacities.[2] These claims all fail as a matter of law.

a. Plaintiffs assert a § 1983 claim alleging that the challenged orders violated the Constitution's Supremacy Clause. This claim is based on the contention that, by requiring use of a vaccine that was only subject to an emergency authorization for its use, the orders were preempted by § 564 of the Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 360bbb-3. That statute states that, in authorizing "the emergency use of an unapproved product," the FDA must, "to the extent practicable," set "conditions" on such authorization, including

---

[2] The district court erred in holding that the damages claims against Governor Brown were mooted by the rescission of the challenged executive order. *See Buckhannon Bd. & Care Home, Inc. v. W.V. Dep't of Health & Hum. Servs.*, 532 U.S. 598, 608–09 (2001) ("[S]o long as the plaintiff has a cause of action for damages, a defendant's change in conduct will not moot the case.").

5

"[a]ppropriate conditions designed to ensure that individuals to whom the product is administered are informed," *inter alia*, "of the option to accept or refuse administration of the product." 21 U.S.C. § 360bbb-3(e)(1)(A). However, "the Supremacy Clause, of its own force, does not create rights enforceable under § 1983." *Golden State Transit Corp. v. City of Los Angeles*, 493 U.S. 103, 107 (1989) (footnote omitted). Rather, "the availability of the § 1983 remedy turns on whether the [assertedly pre-empting] statute, by its terms or as interpreted, [1] creates obligations sufficiently specific and definite to be within the competence of the judiciary to enforce, [2] is intended to benefit the putative plaintiff, and [3] is not foreclosed by express provision or other specific evidence from the statute itself." *Id*. at 108 (citations and internal quotation marks omitted). Plaintiffs' claim falters at the third prong of this test, because § 310 of the FDCA expressly states that all proceedings to enforce that statute "shall be by and in the name of the United States." 21 U.S.C. § 337(a). Because Plaintiffs' § 1983 claim on this score is an attempt to use § 1983 to create a federal damages remedy to enforce the requirements of FDCA § 564, it is "foreclosed 'by express provision'" of the FCDA. *Golden State Transit*, 493 U.S. at 108 (citation omitted).

b. Plaintiffs allege a separate § 1983 claim based on the contention that, by violating Plaintiffs' alleged fundamental right to refuse experimental medical treatment, the challenged orders deprived them of the "privileges or immunities of

6

citizens of the United States." U.S. Const. amend. XIV, § 1. Plaintiffs concede that this claim is foreclosed by the narrow construction of the Privileges or Immunities Clause adopted in the *Slaughter-House Cases*, 83 U.S. 36 (1873), and that was left undisturbed by *McDonald v. City of Chicago*, 561 U.S. 742, 758 (2010) ("We . . . decline to disturb the *Slaughter-House* holding."). Consistent with this binding precedent, we conclude that this claim fails as a matter of law.

c. Plaintiffs assert a similar § 1983 claim based on the same asserted underlying fundamental right, but this time based on the doctrine that the Fourteenth Amendment's Due Process Clause provides "substantive" protection for certain "fundamental rights that are not mentioned anywhere in the Constitution." *Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215, 237 (2022). We need not decide whether his theory is viable, because even assuming that it is, Governor Brown and Director Allen are entitled to qualified immunity.

"Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 5 (2021) (citation omitted). For a constitutional right to be clearly established, "existing precedent must have placed the . . . constitutional question *beyond debate*." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (emphasis added) (citation omitted). "It is the plaintiff[s] who bear[] the burden of showing that the rights allegedly violated

7

were clearly established." *Shafer v. County of Santa Barbara*, 868 F.3d 1110, 1118 (9th Cir. 2017) (citations and internal quotation marks omitted). Plaintiffs have not carried that burden.

Plaintiffs acknowledge that, in 1905, the Supreme Court rejected a constitutional challenge to a set of provisions that, taken together, imposed a monetary fine on any adult inhabitant of Cambridge, Massachusetts who refused to receive the smallpox vaccination. *Jacobson v. Massachusetts*, 197 U.S. 11, 12–13 (1905). Plaintiffs nonetheless contend that *Jacobson* is distinguishable and that this case is instead clearly governed by subsequent Supreme Court authority that they contend establishes a fundamental right to "refus[e] unwanted medical treatment," *Cruzan v. Director, Mo. Dep't of Health*, 497 U.S. 261, 278 (1990), and to resist the "forcible injection of medication into a nonconsenting person's body," *Washington v. Harper*, 494 U.S. 210, 229 (1990). Plaintiffs assert that *Jacobson* is plainly inapplicable, in their view, for three reasons: (1) smallpox was much more lethal than Covid is; (2) smallpox vaccines had a much more well-documented and superior record of effectiveness in preventing the spread of disease than is true for the Covid vaccines; and (3) the Covid vaccines are associated with a higher rate of adverse side-effects. Plaintiffs also argue that principles of international law recognized at the Nuremberg trials reaffirm the asserted fundamental right invoked by Plaintiffs here.

8

But even if one assumes *arguendo* that *Jacobson* is distinguishable and that there is arguably some support for the right to refuse forced medication that Plaintiffs posit, Plaintiffs still fall short of carrying their burden here. As we have explained, Plaintiffs' burden is to show that existing precedent at the time of the challenged orders made clear "*beyond debate*" that those orders' vaccination requirements were invalid. *Mullenix*, 577 U.S. at 12 (emphasis added) (citation omitted). At best, the validity of these vaccine mandates under the principles discussed in *Jacobson*, *Cruzan*, and related cases is debatable, as reflected by the number of decisions that have rejected Plaintiffs' position. *See, e.g.*, *Lukaszczyk v. Cook County*, 47 F.4th 587, 603 (7th Cir. 2022); *We the Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 293–94 (2d Cir. 2021). We need go no further to resolve this case. Governor Brown and Director Allen are entitled to qualified immunity.

4. Plaintiffs also challenge the chief district judge's denial of their motion for recusal of the (different) assigned judge who decided their case. Plaintiffs contend that, because the assigned judge had posted a sign outside his courtroom stating, "Do Not Enter Unless You Have Been Fully Vaccinated," his impartiality in this matter "might reasonably be questioned" and his disqualification was therefore mandatory under 28 U.S.C. § 455(a). Reviewing for an abuse of discretion, *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012), we affirm the chief judge's denial of this motion.

9

The apparent premise of Plaintiffs' argument is that this posted notice indicated that the assigned judge had personally adopted a *mandatory* administrative requirement the validity of which would necessarily turn on the same legal and constitutional issues that he was being asked to decide here. But as the chief judge noted, the factual premise of Plaintiffs' argument is wrong. By its terms, the posted notice, which asked unvaccinated individuals to call the chambers number for assistance, did not mandate anything and did not say what accommodations would or would not be made if and when such individuals inquired of chambers. Indeed, in order to accommodate Plaintiffs in this case, the assigned judge took down the sign and freely permitted any member of the public to attend the hearings. Because the posted sign thus did not reflect a mandatory policy comparable to the challenged orders here and would not necessarily be governed by the same legal principles at issue in this case, the chief judge did not abuse his discretion in concluding that the assigned judge's impartiality could not reasonably be questioned.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**