**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JANINE ANGEL, on behalf of C.A., and individually, by and through Guardian ad Litem Dr. Ronald Savage; et al.,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>CINDY MARTEN, in her official capacity as former Superintendent; et al.,<br><br>Defendants-Appellees. | No. 23-55625<br><br>D.C. No.<br>2:21-cv-07333-ODW-PVC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted May 16, 2024[**]
Pasadena, California

Before: N.R. SMITH and MENDOZA, Circuit Judges, and HINDERAKER,[***]
District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable John Charles Hinderaker, United States District Judge for the District of Arizona, sitting by designation.

Janine Angel and other parents of disabled California public school students appeal the dismissal of their suit against California Governor Gavin Newsom, the California Department of Education, several California school districts, and the school districts' superintendents. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the dismissal of the suit without prejudice on jurisdictional grounds.

To invoke the jurisdiction of Article III courts, plaintiffs must show that their alleged injuries are "likely to be redressed by [their] requested relief." *Fed. Election Comm'n v. Cruz*, 596 U.S. 289, 296 (2022). Plaintiffs must do this "for each form of relief sought." *Uzuegbunam v. Preczewski*, 592 U.S. 279, 141 S. Ct. 792, 801 (2021) (cleaned up). "[N]o federal court has jurisdiction to enter a judgment unless it provides a remedy that can redress the plaintiff's injury." *Id.* Angel's second amended complaint sought declaratory relief, injunctive relief, and nominal damages.[1] Because none of these forms of relief satisfy the requirement of redressability in this case, the district court correctly dismissed the suit for lack of jurisdiction.[2]

---

[1] To the extent that the complaint requested other relief, Angel does not argue that it satisfies the Article III requirement of redressability, thus forfeiting any such argument. *See Miller v. City of Scottsdale*, 88 F.4th 800, 805 n.4 (9th Cir. 2023).

[2] Contrary to Angel's argument, the district court did not err by failing to address *Bell v. Hood*, 327 U.S. 678 (1946), because the district court's analysis concerned redressability rather than federal question jurisdiction.

Angel sought judgments declaring that the defendants violated the Individuals with Disabilities Education Act (IDEA), the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, 42 U.S.C. § 1983, and the California Education Code.  However, "a declaratory judgment merely adjudicating past violations . . . is not an appropriate exercise of federal jurisdiction." *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 868 (9th Cir. 2017).  Angel also sought nominal damages for the alleged IDEA violations.  We agree with the district court that the complaint requested nominal damages under the IDEA, not other statutory authority, as that interpretation is consistent with the complaint's requests for other relief "under" particular statutes.  Because the IDEA does not provide for the award of nominal damages, *C.O. v. Portland Pub. Schs.*, 679 F.3d 1162, 1167 (9th Cir. 2012), that request also offers no basis for the court's exercise of jurisdiction.[3]  Because none of Angel's requested relief is available to redress the past legal violations she alleges, we affirm the district court's dismissal of the claims concerning alleged past harms.

---

[3]     We note that while "the legal availability of a certain kind of relief" is generally a merits question, *MOAC Mall Holdings LLC v. Transform Holdco LLC*, 598 U.S. 288, 296 (2023) (quoting *Chafin v. Chafin*, 568 U.S. 165, 174 (2013)), Angel does not challenge the application of *C.O.*, whose holding makes it unnecessary for us to "plumb[] the . . . depths" of the IDEA "in the first instance to assure ourselves that . . . no relief remains legally available," *id.*

3

The district court also lacked jurisdiction to grant the prospective relief Angel requested. A plaintiff seeking prospective relief must plausibly allege an ongoing injury or a "real or immediate threat" of harm. *Mayfield v. United States*, 599 F.3d 964, 970 (9th Cir. 2010) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)). If a threat derives from repealed, amended, or expired legislation, the plaintiff must identify reason "founded in the record" to conclude "that there is a reasonable expectation of reenactment." *Bd. of Trs. of Glazing Health & Welfare Tr. v. Chambers*, 941 F.3d 1195, 1199 (9th Cir. 2019) (en banc). Angel has not identified any basis in the record to conclude that school closures are or were imminent, or to expect that California will reenact its school closure law. *See Brach v. Newsom*, 38 F.4th 6, 14–15 (9th Cir. 2022) (en banc); *Martinez v. Newsom*, 46 F.4th 965, 973 (9th Cir. 2022). Likewise, Angel has identified no basis to conclude that any plaintiff student faced or now faces an imminent threat that could be redressed by a declaration of his or her "then-current educational placement." 20 U.S.C. § 1415(j). We therefore affirm the district court's dismissal of the claims seeking prospective relief.

Because the district court lacked jurisdiction over Angel's federal law claims, it properly dismissed Angel's state law claim. *See Herklotz v. Parkinson*, 848 F.3d 894, 898 (9th Cir. 2017); 28 U.S.C. § 1367(a).

**AFFIRMED.**