**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 5 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DRAKE ALDEN SHELTON,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>UR MENDOZA JADDOU, Director of United States  Citizenship and Immigration Services,<br><br>    Defendant-Appellee. | No. 23-15965<br><br>D.C. No.<br>2:23-cv-00175-JAD-NJK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted July 2, 2024[**]

Before:  OWENS, LEE, and BUMATAY, Circuit Judges.

Pro se plaintiff-appellant Drake Alden Shelton ("Shelton") appeals from the

district court's dismissal, for lack of subject matter jurisdiction, of his civil action

against Ur Mendoza Jaddou ("Jaddou"), the Director of United States Citizenship

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and Immigration Services ("USCIS").  He also appeals from the denials of various motions he made before the district court, including motions (1) for the district and magistrate judges to recuse themselves, (2) for a default judgment in his favor, and (3) to strike the government's filings.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.  On September 13, 2022, Shelton, a U.S. citizen, filed a Form I-130, Petition for Alien Relative ("the Petition"), on behalf of his wife, a South African citizen.  While the Petition was pending, he sued Jaddou for "money damages of $780,000 and return of property" based on the theory that his wife was his property and Jaddou was "administering [his] property" through "enforcement of Immigrant Visa policies."  On May 29, 2024, after the district court dismissed his lawsuit and Shelton filed this appeal, USCIS approved the Petition.

2.  We review de novo a dismissal for lack of subject matter jurisdiction. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  We construe Shelton's complaint as one against Jaddou in her official capacity and thus one against the agency.  *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("Official-capacity suits" are suits "against an entity of which an officer is an agent." (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978))); *cf. Castro v. United States*, 540 U.S. 375, 381–82 (2003) (recognizing that federal courts may "recharacterize" a pro se litigant's motion "to create a better correspondence

2

between the substance of a *pro se* motion's claim and its underlying legal basis").

First, the district court correctly dismissed Shelton's damages claim for lack of subject matter jurisdiction. The United States is immune from suit "unless it has expressly waived such immunity and consented to be sued." *McGuire v. United States*, 550 F.3d 903, 910 (9th Cir. 2008) (quoting *Gilbert v. Da Grossa*, 756 F.2d 1455, 1458 (9th Cir. 1985)). Under the Tucker Act and the Little Tucker Act, the United States has waived its immunity from suit for certain contract claims. *See id.*; 28 U.S.C. § 1491(a)(1) (the Tucker Act) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States . . . ."); § 1346(a)(2) (the Little Tucker Act) ("The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of . . . [a]ny . . . civil action . . . against the United States, not exceeding $10,000 in amount, founded . . . upon any express or implied contract with the United States . . . .").

We have held that "[r]ead together, these statutes provide for jurisdiction solely in the Court of Federal Claims for Tucker Act claims seeking more than $10,000 in damages, and concurrent district court jurisdiction over claims seeking $10,000 or less." *McGuire*, 550 F.3d at 910–11. Shelton sought $780,000 in damages from USCIS, so the district court lacked jurisdiction over his claim.

Shelton alleges that the district court erred because it "did not give [him] an opportunity to amend his claim and accept relief of $10,000," but ignores that the district court dismissed his complaint without prejudice.

Second, the district court also lacked jurisdiction over Shelton's claim against Jaddou for "return of property," which we construe as a request that USCIS approve the Petition. This claim is moot because USCIS has approved the Petition and sent it to the Department of State. *See Zixiang Li v. Kerry*, 710 F.3d 995, 1001 (9th Cir. 2013) ("If there is no longer a possibility that an appellant can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction." (quoting *Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 521 (9th Cir. 1999))). The Department of State is now responsible for processing Shelton's wife's immigrant visa petition.

3. We review for abuse of discretion the denial of a motion to recuse. *United States v. Wilkerson*, 208 F.3d 794, 797 (9th Cir. 2000). Shelton's arguments that "the woman acting as Judge Jennifer A. Dorsey and the woman acting as Nancy J. Koppe United States Magistrate Judge" were "biased" are meritless. He has asserted at various times that the judges "misrepresent[ed] [his] status . . . [by] labeling [him] with Latin phrases such as Pro se," "misrepresent[ed] Ur Jaddou's status . . . when [he] made very clear . . . that 'Ur Jaddou is a woman who sometimes acts as Director of the United States Citizenship and Immigration

4

Services,'" and "want[ed] to control the lives of women so they cannot make choices that contradict their [f]eminist political agenda." No "reasonable person with knowledge of all the facts would," based on these allegations, "conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (quoting *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984)).

4. Finally, "[m]ootness is a question of law, which we review de novo." *Or. Advoc. Ctr. v. Mink*, 322 F.3d 1101, 1116 (9th Cir. 2003). In light of the district court's correct conclusion that it lacked subject matter jurisdiction over Shelton's claims, it properly denied Shelton's pending motions as moot. *See Bd. of Trs. of the Glazing Health & Welfare Tr. v. Chambers*, 941 F.3d 1195, 1200 (9th Cir. 2019) (en banc) (denying all pending motions as moot when dismissing an appeal).

**AFFIRMED**.